UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20480-ALTMAN/Reid

**DOMINIK KARNAS**, *et al.*, *on behalf of themselves and all others similarly situated*,

    *Plaintiffs*,

v.

**McCARTER & ENGLISH, LLP**, *et al.*,

    *Defendants*.

_____/

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

On August 21, 2024, the Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement as to a Certain Defendant (the "Motion") [ECF No. 14]. The Court has been advised that the Class Representative Plaintiffs[1] and the Defendant, Matthew Barkley (the "Settling Defendant"), through their respective counsel and subject to the Court's approval, have agreed to resolve this lawsuit via a class settlement. Following the Settlement Agreement we already preliminarily approved as to certain settling defendants in the related litigation, *see* Order Preliminarily Approving Class Settlement, *Karnas v. Cuban*, No. 22-cv-22538 (S.D. Fla. June 10, 2024) (Altman, J.), ECF No. 304, the Settling Defendant seeks to resolve the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement") [ECF 14-1], which has been filed with the Court.

Upon our "initial evaluation of the fairness of the proposed settlement on the basis of the written submission[,]" *Encarcion v. J.W. Lee, Inc.*, 2015 WL 12550747, at *1 (S.D. Fla. June 30, 2015)

---

[1] These Plaintiffs are Dominik Karnas, Todd Webb, Rachel Gold, Rahil Sayed, Christopher Ehrentraut, Todd Manganiello, Dan Newsom, William Ayer, Anthony Dorn, Lisa Dagnoli, Marshall Peters, Anthony Shnayderman, Katharine Sugrue, Lisa Provino, and/or Edwin Garrison.

(Dimitrouleas, J.) (cleaned up); *see generally* Agreement, we preliminary find that the "proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason," *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010) (Cohn, J.). And we're satisfied, for the purpose of this settlement, that the Proposed Class "is so numerous that joinder of all members is impracticable[,] there are questions of law or fact common to the class[,] the claims or defenses of the representative parties are typical of the claims or defenses of the class[,] and . . . the representative parties will fairly and adequately protect the interests of the class[,] FED. R. CIV. P. 23(a), and that the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy[,]" FED. R. CIV. P. 23(b)(3); *see also Heaven v. Tr. Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997) ("An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met.").

Accordingly, we hereby **ORDER** and **ADJUDGE** as follows:

1. The Plaintiffs' Motion for Preliminary Approval of Class Action Settlement as to a Certain Defendant [ECF No. 14] is **GRANTED**.
2. The Court has jurisdiction over the subject matter and the parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332, including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto.
3. Venue is Proper in this District.
4. The Court preliminarily finds that, *for purposes of settlement only*, the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely that:
    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b. There are questions of law and fact common to the class Members, which predominate over any individual questions;

    c. The Plaintiff's claims are typical of the Class Members;

    d. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members.

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

    f. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The Court preliminarily certifies, *for purposes of settlement only*, the following class:

    a. All persons or Entities in the United States who, from October 23, 2019, to the date of preliminary approval, purchased or enrolled in an EPA or VGX Tokens.

    b. Excluded from the Class is the Settling Defendant and its officers, directors, affiliates, legal representatives, and employees, the Voyager Defendants and their officers, directors, affiliates, legal representatives, and employees, any governmental entities, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Also, excluded are, any Settlement Class Member who properly excludes themselves from these settlements.

6. The Settlement is conditional on the Court's approval thereof. In the event the Court does not approve all terms of the Settlement, then certification of the Class will be voided as to such Settlement, and all orders enter in connection therewith, including but not limited to any order conditionally certifying the Class, will be voided.

7. Pursuant to the Agreement, the Court hereby appoints, *for purposes of settlement only*, the **Class Representatives** to serve as Class Representative Plaintiffs and **Adam Moskowitz** of the

Moskowitz Law Firm, PLLC and **David Boies** of Boies Schiller Flexner LLP to serve as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(c).

8. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the following factors:

    a. The benefits to the Class Members;

    b. The strength and weaknesses of the Plaintiffs' case;

    c. The anticipated complexity, duration, and expense of additional litigation;

    d. The Settlements were reached after informed, extensive, arm's-length negotiations with the assistance of an experienced mediator;

    e. Each Settling Defendant was individually represented by experienced counsel;

    f. The recommendation of Class Counsel—who have extensive experience litigating and settling consumer class actions and other complex matters—after extensive investigation into the factual and legal issues raised in this action; and

    g. The reasonableness of the proposed stay.

9. The Court **APPROVES** the Notice Plan. The Class's proposed Notice Plan satisfies the fairness standards set forth in Fed. R. Civ. P. 23, as it is the best practicable method under the circumstances and is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's Fee Application, and their rights to opt out of the Settlement Class and object to the Settlement and/or Class Counsel's Fee Application, and a request for General Release payments for the Class Representatives who will execute general releases of all claims against

the Settling Defendant.[2] The Notice Plan presents all required categories of information clearly and in plain English, and thus is substantively sufficient.

10. Within 30 days after entry of this Order, the Plaintiffs will send, or cause to be sent, a class Notice to each Class Member, in a form to be approved by the Court,[3] that

    a. Contains a short, plain statement of the background of the Action and the Settlement;

    b. Describes the settlement relief provided by the Settlement as outlined in this Order;

    c. States that any relief to Class Members is contingent on the Court's final approval;

    d. Informs Class Members that attorneys' fees and expenses will be requested at a later time and, if approved by the Court, will be paid from the Settlement Fund;[4]

---

[2] In *Johnson v. NPAS Solutions, LLC*, the Eleventh Circuit said the following about incentive awards:

> [W]e hold that *Greenough* and *Pettus* prohibit the type of incentive award that the district court approved here—one that compensates a class representative for his time and rewards him for bringing a lawsuit. Although it's true that such awards are commonplace in modern class-action litigation, that doesn't make them lawful, and it doesn't free us to ignore Supreme Court precedent forbidding them. If the Supreme Court wants to overrule Greenough and Pettus, that's its prerogative. Likewise, if either the Rules Committee or Congress doesn't like the result we've reached, they are free to amend Rule 23 or to provide for incentive awards by statute. But as matters stand now, we find ourselves constrained to reverse the district court's approval of Johnson's $6,000 award.

975 F.3d 1244, 1260–61 (11th Cir. 2020) (cleaned up). At the Final Approval Hearing, we'll take a closer look at the General Release payments the Parties are here proposing to ensure that they comply with Eleventh Circuit law. If they don't, we won't approve them.

[3] The specific form of the Notice will be disseminated by email in accordance with JND's Notice Plan. JND will develop and deploy the informational case-specific website where Class Members may obtain more information about the settlement. The case website will have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including a Long Form Notice. The settlement website will be prominently displayed in all printed notice documents and will be accessible through email and digital notices. The settlement website will also be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search-engine optimization through Google and other search engines.

[4] This isn't right. As the Eleventh Circuit explained in *Johnson*, "Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion before any objection pertaining to fees is due." 975 F.3d at 1252. We will not approve a notice plan

    e. Informs Class Members that any Final Order and Judgment entered in the Action, whether favorable or unfavorable to the Class, shall include, and be binding on, all Class Members, even if they have objected to the proposed Settlement and even if they have any other claim, lawsuit, or proceeding pending against the Settling Defendant;

    f. Describes the Terms of the release; and

    g. Contains reference and a hyperlink to a dedicated webpage established by JND Legal Administration LLC ("JND"), which will include relevant documents and information regarding Class Representatives' claims against the Defendants in this Action.

11. With respect to the Settling Defendant, JND will provide the required CAFA Notice to the appropriate state and federal officials for the purpose of satisfying the requirements of CAFA.

12. If monetary compensation from the Settling Defendant is provided to the Settlement Class through the Action, the Settlement Amount shall be placed in the Settlement Fund, added to settlement amounts from other non-settling Defendants, as such settlements are reached, and distributed in accordance with the Distribution Plan and under the supervision and direction of the Court.

13. A Class Member may object to the Settlement. To object, the Class Member must comply with the procedures and deadlines approved by the Court. Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice. The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and the Defendants' Counsel at the addresses identified in the Settlement by the Objection Deadline. The requirements to assert a valid written objection shall be set forth in the Class Notice.

---

that doesn't tell Class Members exactly how much money the lawyers will be requesting in the form of fees and costs.

14. Subject to approval of the Court, any class Member who filed and serves a written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting class Member:

    a. Files with the Clerk a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline; and

    b. Serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing.

15. If the Settlement is not approved by the Court, or if for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or if the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b. All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, the Plaintiffs' right to seek class certification;

    c. Nothing contained in this Order is, or may be construed as, an admission or concession by or against the Settling Defendant or the Plaintiffs on any point of fact or law;

    d. Neither the Settlement's terms nor any publicly disseminated information regarding the Settlement, including without limitation, the Notice, court filings, orders, and public statements, may be used as evidence;

    e. Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the court to approve the Settlement, or any objection or interventions may be used as evidence; and

    f. The preliminary certification of the Class pursuant to this Order shall be vacated automatically and the Actions shall proceed as through the Class had never been certified.

16. The Court reserves the right to approve the Settlement with or without modification, provided that any modification does not limit the rights of the Class under the Settlement, with or without further notice to the Class and may continue or adjourn the Fairness Hearing without notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

17. Settlement Class Counsel and the Settling Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreements, including making, without further approval of the Court, minor changes to the Agreements, to the form or content of the Class Notice or to any other exhibits that the Parties jointly are reasonable and necessary.

18. The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement.

19. Any information received by the Settlement Notice Administrator, the Settlement Special Administrator, or any person in connection with the Settlement Agreement that pertains to

personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Settlement Class Counsel, the Settling Defendant, the Settling Defendant's Counsel, the Court, and as otherwise provided by the Settlement Agreement.

20. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

21. The Court **STAYS** these Settlement proceedings pending resolution of the claims against the the non-settling Defendants. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on October 7, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record