**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-20480-ALTMAN**

**DOMINIK KARNAS**, *et al., on behalf of*
*themselves and all other similarly situated*,

      *Plaintiffs*,

v.

**MCCARTER & ENGLISH, LLP**, *et al.*,

      *Defendants*.

_____/

## <u>ORDER</u>

In February 2024, we stayed this case "pending our adjudication" of a motion to dismiss in a related action, *Karnas v. Cuban*, No. 22-cv-22538-RKA (S.D. Fla. 2022). *See* Consolidation Order [ECF No. 8].[1] In December 2025, we dismissed that *Karnas* action for lack of personal jurisdiction. *See* Order on Motion to Dismiss, *Karnas v. Cuban*, No. 22-cv-22538-RKA (S.D. Fla. Dec. 26, 2025), ECF No. 363. So, in May 2026, our Plaintiffs here filed two motions: *first*, a Motion to Reopen [ECF No. 16], so that the Plaintiffs could "move to transfer certain claims" and "proceed with notice, final approval, and implementation of the preliminarily approved class settlement with Defendant Matthew Barkley," Motion to Reopen at 1; *second*, a Motion to Transfer Venue and Sever Claims (the "Transfer Motion") [ECF No. 17], which asks that we sever the claims against Defendants Ketchum, Inc. ("Ketchum"), the National Basketball Association, Inc. (the "NBA"), and McCarter & English, LLP ("McCarter") into "one action for transfer to the Southern District of New York," and that we sever the claims

---

[1] That same order consolidated *Karnas v. Ketchum, Inc.*, No. 24-cv-20534-RKA (S.D. Fla.), and *Karnas v. Barkley*, No. 24-cv-20535-RKA (S.D. Fla.), into this action. *See* Consolidation Order at 1–2.

against Defendant Tracy McGrady into a "second action for transfer to the Northern District of Texas." Transfer Motion at 1.[2]

The NBA, McCarter, and Ketchum filed a Joint Response to Plaintiffs' Motions (the "Response") [ECF No. 30], arguing in the main that, "[b]ecause this case is entirely derivative" of the claims in the *Cuban* action, "this case should remain administratively stayed until the predicate claims asserted against Cuban and the Mavericks are fully and finally resolved." *Id.* at 1–2. "Should the Court deny the Motion to Reopen," the Response continues, the "Transfer Motion should also be denied as moot." *Id.* at 2. But the Response adds that, "[i]f the Court is inclined to transfer these actions, the NBA and Ketchum believe that the Southern District of New York is the most appropriate venue for the claims against them," whereas McCarter "believes the claims against it should be transferred to the District of New Jersey, where it maintains its headquarters." *Ibid.*

The Plaintiffs insist that declining to sever and transfer the claims would "extend a temporary administrative stay into an indefinite suspension of proceedings untethered to any defined endpoint." Reply in Support of Motions to Reopen and Transfer (the "Reply") [ECF No. 32] at 1. We agree. We stayed this case until we resolved the motion to dismiss in the *Cuban* action. Now that we've found that we lack personal jurisdiction over *that* action, we cannot justify continuing *this* stay. To hold otherwise would be to trap our parties in a kind of procedural purgatory.

Our Plaintiffs filed their Transfer Motion under 28 U.S.C. § 1404(a). *See* Motion to Transfer at 1.[3] Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of

---

[2] The Transfer Motion further requested that the Barkley Settlement, *see* Order Preliminarily Approving Class Settlement [ECF No. 15], as well as the claims against Defendants Matthew Barkley, Marshall Faulk, Scott Melker, and Stephen Piscotty, "remain on this Court's docket." Transfer Motion at 1.

[3] The Plaintiffs also appear to move in the alternative under 28 U.S.C. §§ 1631 and 1406. "Section 1631 provides that a court lacking jurisdiction over a 'civil action' must transfer that action to the proper court if such transfer is 'in the interest of justice.'" *Griham v. United States*, 842 F. App'x 425, 426 (11th Cir. 2021) (quoting § 1631). Section 1406 provides that "[t]he district court of a district

justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applied here, that calculus appears straightforward. The NBA and Ketchum represent—even if in the alternative—that "the Southern District of New York is the most appropriate venue for the claims against them." Response at 13; *see also* Transfer Motion at 4 ("Both are New York-based entities, and the challenged conduct involving approval, communications, and promotional strategy is centered there."). The Plaintiffs claim that McGrady—who "has not yet been served or otherwise appeared in this Action"—"is a Texas resident." *Id.* at 1, 7; *see also id.* at 4 ("For McGrady, his residence, the key conduct and the core Texas witnesses are centered in Texas."); Reply at 6 ("Because McGrady is a Texas citizen and resident, the Northern District of Texas is the clearest and most natural federal forum for claims against him."). And the Plaintiffs never respond to the arguments for transferring the McCarter claims to the District of New Jersey instead of the Southern District of New York. *See* Response at 14–15 ("McCarter & English is headquartered and has a principal place of business in New Jersey . . . . Plaintiffs explicitly allege that Voyager's relevant conduct 'occurred within New Jersey.' . . . . [T]ransferring the claims against McCarter & English to the Southern District of New York may result in the threshold litigation that Plaintiffs contend they are seeking to avoid by staying in the Southern District of Florida. On the other hand, it is clear that there is personal jurisdiction over McCarter & English in the District of New Jersey."). They've thus forfeited any such argument. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it.").

We can, in short, transfer the claims against the NBA and Ketchum to the Southern District of New York, the claims against McGrady to the Northern District of Texas, and the claims against

---

in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

McCarter to the District of New Jersey. *See also Stinson v. Yates*, 2024 WL 889191, at *1 (S.D. Fla. Feb. 5, 2024) (Altman, J.) ("[T]he court may at any time, on just terms, add or sever any claim against a party." (quoting FED. R. CIV. P. 21)).

That leaves the Motion to Reopen, which we now deny. "[A]n administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (quotation marks omitted). So, we can sever and transfer the claims in this action—and the Plaintiffs can proceed with notice, final approval, and implementation of the preliminarily approved class settlement with Defendant Barkley—even while this case is closed.

## CONCLUSION

Accordingly, we **ORDER and ADJUDGE** as follows:

1. The Plaintiffs' Motion to Reopen [ECF No. 16] is **DENIED**.

2. The Plaintiffs' Transfer Motion [ECF No. 17] is **GRANTED in part** and **DENIED in part**.

    a. Pursuant to Federal Rule of Civil Procedure 21, the Plaintiffs' claims against Ketchum and the NBA are **SEVERED** from this action. The Clerk of Court shall take all necessary steps to **TRANSFER** the claims against Ketchum and the NBA to the Southern District of New York.

    b. Pursuant to Federal Rule of Civil Procedure 21, the claims against McCarter are **SEVERED** from this action. The Clerk of Court shall take all necessary steps to **TRANSFER** the Plaintiffs' claims against McCarter to the District of New Jersey.

    c. Pursuant to Federal Rule of Civil Procedure 21, the claims against McGrady are **SEVERED** from this action. The Clerk of Court shall take all necessary steps to

**TRANSFER** the Plaintiffs' claims against McGrady to the Northern District of Texas.

3. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on July 28, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record